UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA M. ANDERSON,

                Plaintiff,

v.                                                     Case No. 17-cv-1790-pp

FINANCIAL RECOVERIES, INC.
d/b/a OSHKOSH COLLECTION AND RECOVERY,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING AMENDED COMPLAINT**

       The plaintiff was a state prisoner representing himself when he filed this complaint under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§1692-1692p, alleging that the defendant engaged in unfair collection practices. Dkt. No. 1. Since filing his lawsuit, the plaintiff has filed an amended complaint. Dkt. No. 8. Federal Rule of Civil Procedure 15(a)(1) allows the plaintiff to amend his complaint as a matter of course before the defendant has answered. This order resolves the plaintiff's motion to proceed without prepayment of the filing fee and screens his amended complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

       The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit

1

without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 29, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $5.11. Dkt. No. 5. The court received that fee on January 10, 2018. The the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow the plaintiff to pay the remainder of the filing fee as explained at the end of this order.

## II. Screening the Plaintiff's Amended Complaint (Dkt. No. 8)

### A. *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

  B. *The Plaintiff's Allegations*

At the time he filed his complaint, the plaintiff was incarcerated at Green Bay Correctional Institution. Dkt. No. 8-2 at 1. The defendant is a private corporation in the state of Wisconsin. Id. On July 27, 2017, the defendant contacted the plaintiff by mail regarding a debt he allegedly owed to New Anesthesiology, S.C. Id. at 2. The letter was addressed to "the responsible party (which may be one or both of the above addressees) for the following accounts;" it listed New Anesthesiology, S.C. as the creditor, provided an account number and listed the balance as $964.88. Dkt. No. 8-1 at 1. It then stated, "Please pay the above account balance(s) in full or contact us immediately by telephone to discuss payment arrangements." Id. It provided information about how to pay online, and stated at the bottom that "[t]his collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org." Id. The letter also bore the following notice at the bottom: "This is a communication from a debt collector;" it stated that any information obtained would be used for the purpose of collecting the debt. Id.

The plaintiff alleges that this letter is deficient under the FDCPA because it did not include information required by 15 U.S.C. §1692g(3), (4) and (5). Dkt. No. 8-2 at 3. He alleges that more than five days passed after he received the letter, but the defendant did not provide him with the information required by the statute. Id. The plaintiff alleged that on August 21, 2017, he sent the

3

defendant a certified letter requesting further information about the debt, and stating that he disputed the debt. Id. He alleges that thirty days passed without the defendant providing him with the information required by the statute. Id.

Several months later, on November 22, 2017, the plaintiff sent the defendant a copy of 15 U.S.C. §1692g and a letter explaining how he believed the defendant had violated the statute. Id. at 4. The defendant responded with a letter and a copy of an account transaction history that it claimed served as debt verification. Id. The plaintiff alleges that this document violated 15 U.S.C. §1692e(9). Id. The plaintiff argues that the amount of the debt listed in the defendant's initial communication did not match the amount in the transaction history the defendant provided. Id. He alleges that this violated 15 U.S.C. §1692e(2)(A) and (B), because the initial communication falsely represented the debt. Id. at 4-5.

  C. *The Court's Analysis*

The FDCPA serves "to eliminate abusive debt collection by debt collectors," 15 U.S.C. § 1629(e), and "is intended for the protection of unsophisticated consumers." Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769, 774 (7th Cir.2007). It outlines a series of requirements to which debt collectors must adhere when collecting debt. Among these requirements are those highlighted by the plaintiff: that within five days of the first communication, the debt collector must send a notice that contains specific information, including how to dispute the debt and the consequences of failing to do, 15 U.S.C. §1692g(a)(3), (4), and (5); that the debt collector provide the consumer with

4

verification of the debt once it is disputed, 15 U.S.C. §1692g(b); that a debt collector cannot use false, deceptive or misleading representations in the process of collecting a debt, including sending a communication that appears to be official but is not, 15 U.S.C. §1692e(9); and that a debt collector cannot falsely represent the character, amount or legal status of the debt, 15 U.S.C. §1692e(2)(A) and (B).

The court finds that the plaintiff has stated sufficient facts to allow him to proceed on FDCPA claims against the defendant under §1692g(a), §1692g(b), §1692e(9), and §1692e(2).

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant Financial Recoveries, Inc., d/b/a Oshkosh Collection & Recovery, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Financial Recoveries, Inc. to file a responsive pleading to the complaint.

The court **ORDERS** that the plaintiff shall pay the $344.89 balance of the filing fee over time, as he is able.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall send all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other

information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 6th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**